UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CLYDE PIGGIE, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>HEATHER GIBBS, et al., )<br>)<br>Defendants. ) | No. 1:09-cv-1190-DFH-JMS |

**Entry Dismissing Insufficient Claims and Directing Further Proceedings**

**I.**

Because plaintiff Clyde Piggie is a prisoner, his complaint must be screened pursuant to 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The official capacity claims are **dismissed** as legally insufficient because no injunctive relief has been sought.

The Eighth Amendment claims are **dismissed** as legally insufficient because there is no feature of the plaintiff's allegations describing his confinement which suggests treatment or conditions of confinement of sufficient severity as to have resulted in the denial of the minimal civilized measure of life's necessities. Accordingly, there is also no viable claim of an Eighth Amendment violation stated in the complaint. *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008)(to prevail on an Eighth Amendment claim based on inadequate conditions, the prisoner must show that (1) the conditions in the prison were objectively "sufficiently serious so that a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities," and (2) prison officials acted with deliberate indifference to those conditions)(internal citations and quotation marks omitted).

The due process claims are **dismissed** as legally insufficient because a prisoner has no due process or other right to be housed in circumstances other than those which the plaintiff describes in his complaint. *Townsend v. Fuchs*, 552 F.3d 765, 772 (7th Cir. 2008) (*quoting Wilkinson v. Austin*, 545 U.S. 209, 222-24 (2005)); *Lucien v. DeTella,* 141 F.3d 773, 774 (7th Cir. 1998) ("Classifications of inmates implicate neither liberty nor property interests . . . .") (citing *Sandin v. Conner,* 515 U.S. 472, 484 (1995)).

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**II.**

The claims which shall proceed are those based on allegations of retaliation against the plaintiff. The plaintiff shall have **through November 2, 2009**, in which to show proof of service of process on defendants Jackson, Mize, Stevens and Nancy Sprigal.

The stay issued on September 28, 2009, is **terminated**.

The defendants who have appeared shall have **through November 2, 2009**, in which to answer or otherwise respond to the complaint.

So ordered.

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Date:  October 9, 2009

Distribution:

Clyde Piggie
DOC #933044
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 1111
Carlisle, IN 47838-1111

Eric Powell Overpeck
INDIANA ATTORNEY GENERAL
eoverpeck@atg.in.gov

Laura Lee Bowker
OFFICE OF THE INDIANA ATTORNEY GENERAL
laura.bowker@atg.in.gov