# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

CLYDE PIGGIE,                      )
                                   )
                    Plaintiff,     )
v.                                 )          No. 1:09-cv-1190-WTL-JMS
                                   )
HEATHER GIBBS, et al.,             )
                                   )
                    Defendants.    )

### Entry Discussing Motion for Summary Judgment

Clyde Piggie, an inmate of the Indiana Department of Correction, alleges in this civil rights action that personnel at the Pendleton Correctional Facility ("Pendleton") violated his federally secured rights by retaliating against him in a number of ways. Defendants Gibbs, VanNatta, Wynn, Horton, Rains, Peterson, Richtie, Nickles, Taylor, Manship, Fox, Bond, and Dickson assert that Piggie failed to exhaust his available administrative remedies with respect to these claims and seek resolution of this action through the entry of summary judgment.

This motion must be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008) (citing cases). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." FED. R. CIV. P. 56(e)(2).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The law applicable to the motion for summary judgment is this: The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). This requirement is intended to serve the dual purpose of affording "prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court[,]" and to improve the quality of inmate suits filed through the production of a "useful administrative

record." *Jones v. Bock,* 549 U.S. 199, 204 (2007) (citations omitted). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter,* 534 U.S. at 532 (citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). The failure to exhaust as required by the PLRA is an affirmative defense and it is a defendant's burden to prove that a prisoner has not exhausted available administrative remedies. *See Jones v. Bock,* 127 S. Ct. 910, 921 (2007); *Conyers v. Abitz,* 416 F.3d 580, 584 (7th Cir. 2005).

There is a formal grievance process in place at Pendleton. The grievance process begins with the first step of the offender attempting to resolve his complaint informally by contacting an appropriate staff member within five working days of the incident. If the informal complaint is not resolved in a manner that satisfied the offender, he can pursue the issue through the two-step formal grievance process. The formal grievance process begins at Pendleton when an offender submits a grievance form to the Grievance Specialist ("Step 1"). The grievance rules require an offender to file his Step 1 grievance within 20 business days from the day of the event that is the subject of the grievance. If the Step 1 grievance is not resolved in a manner that satisfies the offender, he may pursue the issue by filing an appeal to the DOC's offender grievance manager in the DOC's central office in Indianapolis, Indiana ("Step 2"). The appeal must be filed within ten working days from the date of receipt of the grievance response.

Piggie alleges that the defendants each took retaliatory acts against him. The evidence on whether Piggie exhausted the administrative remedies described above with respect to these defendants varies and the court will address each claim in turn.

! First, Piggie alleges that defendant Gibbs filed retaliatory reports and that defendant Horton retaliated against him by placing him in lock-up. The evidence shows that he filed a grievance against Gibbs on March 28, 2008, and March 29, 2008, and that those grievances were each denied on April 7, 2008. Piggie did not appeal these denials until May of 2008, past the deadline for filing an appeal within the grievance policy. Piggie states that he did not receive a form to file an appeal until that time. If prison officials did not provide Piggie with the appropriate forms to appeal the denials of his grievances, then administrative remedies may have become unavailable to him.  *See Kaba v. Stepp,* 458 F.3d 678, 681 (7th Cir. 2006)(internal citation omitted) ("[W]hen prison officials prevent inmates from using the [prison's] administrative process . . . , the process that exists on paper becomes unavailable in reality. Thus, when prison officials fail to provide inmates with the forms necessary to file an administrative grievance, administrative remedies are not 'available.'"). The court finds that there is an issue of fact regarding when Piggie was permitted to appeal these grievances and, accordingly, whether he exhausted available administrative remedies with respect to these claims.

!     Piggie also asserts that defendant Wynn transferred him in retaliation. Piggie states that he requested forms to file a grievance, but that he was told he could not file a grievance against Central Office staff.  Based on this evidence, the court finds an issue of fact regarding whether Piggie failed to exhaust administrative remedies that were available to him. *See id.*

!     Piggie also alleges that defendants Gibbs and Richtie contributed to his transfer to the Wabash Valley Correctional Facility in retaliation for his actions. Piggie was transferred on July 3, 2008. He filed a classification appeal on July 9, 2008 and states that he filed a Step 2 appeal and has received no response. The classification appeal process differs from the grievance process, but the parties do not provide a detailed description of the requirements of that process. Based on this record, there is an issue of fact regarding whether Piggie failed to exhaust his administrative remedies with respect to his transfer.

!     Next, Piggie alleges that defendants Peterson and Rains removed him from school and placed him in administrative segregation in retaliation. There is no record in the prison database that Piggie filed a grievance on this issue. He states that he filed a grievance and that it was returned with instructions to file a classification appeal and refile the grievance. He states that he did so, but did not receive a response. Piggie does not state that he attempted to appeal the lack of response to his grievance, as required by the grievance policy. Because there is no evidence that Piggie appealed a denial of a grievance on this issue, the court finds that he failed to exhaust his available administrative remedies for these claims and concludes that the claims against defendants Peterson and Rains must be dismissed.

!     Piggie claims that Fox and Bond denied his rights with a retaliatory conduct report but he does not state that he attempted to grieve these actions and there is no record of a grievance against Fox and Bond. Because there is no evidence that Piggie appealed a denial of a grievance on this issue, the court finds that he failed to exhaust his available administrative remedies for these claims and concludes that the claims against defendants Fox and Bond must be dismissed.

!     Piggie asserts that defendant Dickson denied his grievance in retaliation and that he appealed this decision, but he does not state that he ever filed a grievance against Dickson for this action. There is no evidence of a grievance against Dickson. Accordingly, Piggie failed to exhaust his administrative remedies with respect to claims against Dickson.

!     Piggie alleges that Taylor and Manship placed him in metal handcuffs instead of soft restraints, but there is no record that Piggie filed a grievance against Taylor and Manship and Piggie does not state that he filed a grievance for these actions. Accordingly, his claims against Taylor and Manship must be dismissed for failure to exhaust available administrative remedies.

!     He states that Nickles filed a retaliatory conduct report. There is no record of a grievance against Nickles. Piggie states that he filed a grievance and appeal, but does not state when he filed these documents. Because Piggie has failed to show with specificity that he exhausted his available remedies for claims against Nickles, his claims against Nickles must be dismissed.

!      Pigge alleges that defendant VanNatta refused to respond to his grievances and complaints in retaliation. Piggie states that he requested forms to file a grievance, but that he was told he could not file a grievance against Central Office staff. However, because Piggie was told that he could not file a grievance against Central Office staff, the court finds that administrative remedies against VanNatta were unavailable.

## Conclusion

The motion for summary judgment as to claims against defendants Peterson, Rains, Fox, Bond, Dickson, Taylor, Manship, and Nickles (dkt 21) is **granted** and these claims are dismissed. No partial final judgment shall issue as to the dismissal of these claims.

An issue of fact remains as to whether Piggie exhausted available administrative remedies for claims against defendants Gibbs, Horton, Wynn, Richtie, and VanNatta. The motion for summary judgment is therefore **denied** as to these defendants. The Seventh Circuit has instructed that when exhaustion is contested, the district court is to "conduct[ ] a hearing on exhaustion and permit[ ] whatever discovery relating to exhaustion (and only to exhaustion) he deems appropriate." *Pavey v. Conley*, 528 F.3d 494, 497-98 (7th Cir. 2008). In order to proceed in conformity with this procedure, the parties **may conduct additional discovery** on the issue of exhaustion of administrative remedies. The parties shall complete all such additional discovery and certify their readiness for the required hearing by **July 30, 2010**.

**IT IS SO ORDERED.**

Date: _06/09/2010_

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Clyde Piggie
DOC #933044
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 1111
Carlisle, IN 47838-1111

Laura Lee Bowker
Office of the Indiana Attorney General
laura.bowker@atg.in.gov

Scott Leroy Barnhart
Indiana Office of the Attorney General
scott.barnhart@atg.ing.gov